**MICHAEL C. BAXTER**
Oregon State Bar ID Number 910203
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Chapin

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JENNIFER CHAPIN**, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **BANK OF AMERICA, N.A.**, a foreign legal entity, **TRANS UNION LLC**, a foreign company, **EXPERIAN INFORMATION SOLUTIONS, INC**., a foreign corporation, | Fair Credit Reporting Act (15 U.S.C. §1681et.seq.). |
| | Demand for Jury Trial |
| Defendants. | |

Plaintiff alleges that at all times material:

1.

Plaintiff Jennifer Chapin ("plaintiff") is a natural person residing in the State of Oregon.

///

2.

Defendant Bank of America, N.A. ("Bank of America") is a national banking association engaged in the business of extending consumers credit in the State of Oregon.  Defendant Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") are national consumer reporting agencies that provide credit reports to and about individuals in the State of Oregon.

3.

On May 8, 2003, Rami Mansoura opened an account for a credit card with Bank of America.  The account application shows the account was opened only in the name of Rami Mansoura.  Plaintiff is not mentioned on the account application.  Through the present, plaintiff never activated, signed, accessed, made purchases on, or in any way used the credit card.  All payments on the card were made by Mr. Mansoura.

6.

On March 29, 2004, plaintiff married Mr. Mansoura.  On November 30, 2010, plaintiff and Mr. Mansoura divorced.  On or about January 2011, Mr. Mansoura filed a Chapter 7 bankruptcy and discharged all obligations for purchases made using the Bank of America credit card.  Mr. Mansoura stopped all payments to Bank of America on the credit card.

7.

On or about February 2011, Bank of America changed the card to falsely reflect that the card was opened or held jointly by plaintiff.  Bank of America began reporting that the account delinquencies belonged to plaintiff.

8.

Plaintiff has excellent credit.  Other than the delinquency being reported by Bank of

America, all accounts are paid timely.  In early 2011, plaintiff received a denial of credit.  The denial indicated that the source of the denial was information being reported by Trans Union. Plaintiff discovered that Bank of America was falsely reporting her as delinquent to all three major credit reporting agencies, Trans Union, Experian, and Equifax Information Services LLC ("Equifax").  Plaintiff contacted Bank of America and disputed ownership of the card.

9.

On April 15, 2011, plaintiff disputed the false delinquency in writing to Bank of America and to each of the three major credit reporting agencies.  In her dispute she outlined that she never signed for the credit card, never accessed any funds from the credit card, never activated the card or in any manner used the card.  Equifax deleted the account from plaintiff's credit file. Bank of America conducted an investigation and then falsely verified that the unpaid charges were owed by plaintiff.  Accordingly, Trans Union's response to plaintiff's dispute was that the account was no longer on plaintiff's file.  However, the credit report, dated May 15, 2011, reported the same false Bank of America account, with a different account number.  Experian's response was to send a letter dated April 26, 2011 stating plaintiff had not provided sufficient identification information.  Experian then provided plaintiff with a copy of her credit report dated April 29, 2011 which reported the false, disputed, Bank of America account.

10.

On May 10, 2011, plaintiff disputed again with Experian.  In her dispute she explained that the Bank of America account belonged to Rami Mansoura, that she never accessed the funds or activated the card.  She also disputed an address.  Additionally, plaintiff enclosed a copy of the credit application and a page from the April 29, 2011 Experian credit report showing the Bank of America account she disputed.  Experian responded on May 17, 2011 stating it could not

use the information she provided and would contact the source of information directly.  On June

10, 2011, Experian sent plaintiff results indicating it had deleted the Bank of America account.

The account number of the deleted Bank of America account was different from the account

number Experian previously reported the account under.

11.

On May 13, 2011, plaintiff disputed to Bank of America again.  In her dispute she

outlined that it was her ex-husband's credit card and she had nothing to do with it.  She informed

Bank of America that it had the original credit card application on file and she is not listed on the

application.  Her dispute also showed that she never added her name to the card via telephone or

any other manner, she never accessed funds, made purchases, or used the card in any manner.

Bank of America refused to provide proof that the credit card belonged to plaintiff, and

continued to report the false representation that plaintiff owned the card to the three major credit

reporting agencies.

12.

On May 19, 2011, plaintiff disputed to Trans Union.  Plaintiff informed Trans Union that

the card was not hers.  With plaintiff's dispute she attached the original application for the card

showing that it did not belong to her.  Trans Union notified Bank of America of plaintiff's

dispute.  Bank of America failed to conduct a reasonable investigation and then falsely verified

to Trans Union that the account belonged to the plaintiff.  Bank of America did not report to

Trans Union that plaintiff had disputed to it directly.  Bank of America was aware that this false

information would be reported to creditors throughout the country.  Trans Union also conducted

its own investigation, and then falsely verified that the account and delinquent charges belonged

to plaintiff.

13.

On August 15, 2011, plaintiff disputed again to Bank of America, Trans Union and
Experian.  In this dispute she informed defendants that the account belonged to her ex-husband.
She enclosed documentation showing that she never signed for the card and that it was opened
before she even met her husband.  She told defendants that Equifax and Experian had deleted the
account from her credit reports.  Her dispute also informed defendants that the account had been
turned over to collection and the collection agency was calling her at work to collect the debt.
She informed defendants that Bank of America has been unable to provide any documentation
showing she was in any way associated with the credit card.  Trans Union and Experian notified
Bank of America and investigated the account.  Bank of America failed to conduct a reasonable
investigation and again falsely verified to Trans Union and Experian that the account belonged to
plaintiff.  Bank of America did not report to Trans Union or Experian that plaintiff had disputed
to it directly.  Bank of America was aware that this false information would be reported to
creditors throughout the country.  Trans Union falsely verified the credit card and that its
delinquencies belonged to plaintiff.  Experian stated both that the disputed account was not
currently displaying on her credit report and that the Bank of America account remains.  The
report itself listed the disputed Bank of America account, which Experian had previously
deleted, with a different account number.

14.

On November 9, 2011, plaintiff disputed again to Bank of America and all three credit
reporting agencies, stating that the credit card did not belong to her.  She pointed out that Bank
of America had changed the account number for the credit card and provided the additional
account number.  The new account number no longer matched the account number which had

Page  5 – COMPLAINT

been discharged in bankruptcy.  Plaintiff told defendants that she did not open the account.

When she contacted other representatives of Bank of America they admitted that Bank of

America had no proof that the account belongs to her.  She attached the original credit

application with her dispute.  She sent her disputes via certified mail.  The receipts show the

dispute was received by Trans Union on November 14, 2011 and Experian on November 30,

2011.  Trans Union and Experian did not respond to plaintiff's dispute.  Bank of America

responded in a letter dated December 21, 2011, which stated that it determined plaintiff is

responsible for the account balance.

15.

On or about February, 2012, plaintiff disputed again to Trans Union asking why it did

not respond to her November 9, 2011 dispute letter.  On or about March 17, 2012, Trans Union

responded informing plaintiff that the account had been verified by Bank of America and would

remain on her credit report.  The investigation was not within thirty days of her November 9,

2011 dispute.  The dispute to Experian resulted in it re-reporting the previously deleted, false

disputed account, only now with a new account number.

16.

Plaintiff has attempted numerous times to get Bank of America, Trans Union and

Experian to delete the false information about this credit account.  They refuse.  Accordingly, she

has been left with no alternative but to file this case.

///

///

///

///

FIRST CLAIM FOR RELIEF

Fair Credit Reporting Act

(15 U.S.C. § 1681n)

(Bank of America)

17.

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

18.

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

19.

Defendant Bank of America is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

20.

 Bank of America investigated the account pursuant to receiving plaintiff's dispute from the credit reporting agencies.  Bank of America willfully failed to conduct a reasonable investigation of plaintiff's dispute.  As a result of its investigation, Bank of America continued to report false, derogatory information and allowed the dissemination of this false information to third parties.  Bank of America failed to report the account as disputed by plaintiff to the credit reporting agencies.

21.

As a result of Bank of America's violations of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation,

embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future

damages, in an amount to be determined by the jury, in addition to any statutory damages to be

determined by the Court.

22.

Plaintiff alleges an entitlement to punitive damages in an amount to be determined by the

jury.

23.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Bank of America)

24.

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

25.

Plaintiff is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681a(c).  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

26.

Defendant Bank of America is a person who furnishes information to consumer reporting

agencies under the FCRA, 15 U.S.C. § 1681s-2.

27.

Bank of America investigated the account pursuant to receiving plaintiff's dispute from

the credit reporting agencies.  Bank of America negligently failed to conduct a reasonable

investigation of plaintiff's dispute.  As a result of its investigation, it continued to report the

false, derogatory information and allowed the dissemination of this false information to third parties.  Bank of America failed to report the account as disputed by plaintiff to the credit reporting agencies.

28.

As a result of the conduct alleged above, Bank of America negligently failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b).  Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

29.

As a result of Bank of America's violations of the FCRA, plaintiff has suffered damages and continues to suffer damages, including loss of income, denials of credit, worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to reputation, embarrassment, humiliation and lost opportunity to obtain credit, all to her present and future damages, in an amount to be determined by the jury.

30.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

THIRD CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Trans Union and Experian)

31.

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

32.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

///

33.

Defendant Trans Union and Experian are "consumer reporting agencies" as that term is used in 15 U.S.C. § 1681a.

34.

Defendant Trans Union and Experian willfully failed to comply with the requirements of the FCRA in the following ways:  failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b); failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i; providing plaintiff's credit file to companies which did not have a permissible purpose to obtain her file, pursuant to U.S.C. §1681b; and Experian re-reported a false, previously disputed and deleted account, without notice to plaintiff.

35.

As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

36.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

37.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

///

///

///

Page  10 – COMPLAINT

FOURTH CLAIM FOR RELIEF

(FCRA – 15 U.S.C. § 1681o)

(Trans Union and Experian)

38.

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

39.

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

40.

Defendants Trans Union and Experian are "consumer reporting agencies" as that term is

used in 15 U.S.C. § 1681a.

41.

Defendants Trans Union and Experian negligently failed to comply with requirements of

the FCRA in the following way:  failing to follow reasonable procedures to assure the maximum

possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. §

1681e(b); failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i;

providing plaintiff's credit file to companies which did not have a permissible purpose to obtain

her file, pursuant to U.S.C. §1681b, and Experian re-reported a false, previously disputed and

deleted account, without notice to plaintiff.

42.

As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered,

continues to suffer and will suffer damages, including denial of credit, lost opportunity to receive

credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation,

all to her damages in an amount to be determined by the jury.

43.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

<u>PRAYER</u>

Plaintiff demands a jury trial on all claims.  Wherefore plaintiff prays for a judgment as follows:

1.      On Plaintiff's First Claim for Relief:

      a.      Damages;

      b.      Reasonable attorney fees and costs.

2.      On Plaintiff's Second Claim for Relief:

      a.      Damages;

      b.      Punitive damages;

      c.      Reasonable attorney fees and costs.

3.      On Plaintiff's Third Claim for Relief:

      a.      Damages;

      b.      Punitive damages;

      c.      Reasonable attorney fees and costs.

4.      On Plaintiff's Fourth Claim for Relief:

      a.      Damages;

      b.      Reasonable attorney fees and costs.

DATED this 18th day of July 2012.

/s/ Michael C. Baxter
_____
Michael C. Baxter, OSB # 910203
michael@baxterlaw.com
Justin M. Baxter, OSB # 992178
justin@baxterlaw.com

Page  12 – COMPLAINT

Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff